### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LAURI NIEDERMAIER, not individually, but as Independent Executor of the Estate of Edward Krajewski and ELIZABETH KRAJEWSKI, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.   08 CV 2182 |
| v. | ) ) | JUDGE NORGLE |
| WARREN ROSEN & CO., INC., THE PERFECTHEALTH INSURANCE CO., REALTY BENEFITS ASSOCIATES, LLC., LEAGUE OF INTERNATIONAL FEDERATED EMPLOYEES, and ASSOCIATION OF FRANCHISE AND INDEPENDENT DISTRIBUTORS, LLC., | ) ) ) ) ) ) ) ) ) | MAGISTRATE JUDGE DENLOW |
| Defendants. | ) | |

### DEFENDANT THE PERFECTHEALTH INSURANCE CO.'S
### ANSWER TO COMPLAINT

Defendant THE PERFECTHEALTH INSURANCE CO. ("PHI"), by counsel, answers Plaintiff's Complaint solely as to PHI as follows:

### FIRST DEFENSE

### Parties

1.    At all relevant times herein, EDWARD KRAJEWSKI, SR., (a/k/a Edward R. Krajewski) was an individual residing in Cook County, Illinois, and was a citizen of the State of Illinois.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph One (1) of Plaintiffs' Complaint and therefore denies the same.

2. Edward Krajewski, Sr. died on May 14, 2007. Lauri Krajewski Niedermaier was appointed Independent Executor of the Estate of Edward R. Krajewski in the Circuit Court of Cook County, Illinois, on July 2, 2007.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two (2) of Plaintiffs' Complaint and therefore denies the same.

3. At all relevant times herein, Plaintiff, ELIZABETH KRAJEWSKI, was married to Edward Krajewski, Sr., was and is an individual residing in Cook County, Illinois, and is a citizen of the State of Illinois.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Three (3) of Plaintiffs' Complaint and therefore denies the same.

4. At all relevant times herein, Defendant, WARREN ROSEN & CO., INC., (**WRA**) was an insurance agency incorporated in New York with its principal place of business in New York, New York.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Four (4) of Plaintiffs' Complaint and therefore denies the same.

5. At all relevant times herein, Defendant, THE PERFECTHEALTH INSURANCE COMPANY (**PHI**), was a health insurance carrier with its principal place of business in Staten Island, New York.

**ANSWER:**

PHI admits the allegations contained in Paragraph Five (5) of Plaintiffs' Complaint.

6.     At all relevant times herein, Defendant, REALTY BENEFIT ASSOCIATES, LLC (**RBA**), was a corporation, with its principal place of business in New York, New York.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Six (6) of Plaintiffs' Complaint and therefore denies the same.

7.     At all relevant times herein, Defendant LEAGUE OF INTERNATIONAL FEDERATED EMPLOYEES (**LIFE**), was an organization with its principal place of business in Brooklyn, New York.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seven (7) of Plaintiffs' Complaint and therefore denies the same.

8.     At all relevant times herein, Defendant, ASSOCIATION OF FRANCHISE AND INDEPENDENT DISTRIBUTORS, LLC (**AFID**), was a corporation incorporated in Ohio with its principal place of business in Springfield, Ohio.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eight (8) of Plaintiffs' Complaint and therefore denies the same.

## Jurisdiction

9.     This Court has jurisdiction under 28 U.S.C. § 1332, due to Plaintiffs and Defendants being citizens of different states, and the amount of damages suffered by the Plaintiff exceeds the sum of $75,000 as alleged in each count below.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine (9) of Plaintiffs' Complaint and therefore denies the same.

## Count I – Breach of Contract

10. Edward Krajewski, Sr., deceased, had a group plan of health insurance issued by United Healthcare through an insurance agency, WRA, from April 1, 2003 through April 1, 2007.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten (10) of Plaintiffs' Complaint and therefore denies the same.

11. The United Healthcare plan was renewed annually, and to be renewed for the policy period beginning April 1, 2007.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven (11) of Plaintiffs' Complaint and therefore denies the same.

12. Upon information and belief, in early 2007, the plan administrator, Defendant, **LIFE**, contacted Defendant, **WRA**, requesting that **WRA** provide United Healthcare with the information required to renew the plaintiff's policy.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve (12) of Plaintiffs' Complaint and therefore denies the same.

13. Upon information and belief, and in breach of its fiduciary duty, Defendant, **WRA**, failed to provide the plan administrator, or United Healthcare with the required information and thereafter plaintiff's United Healthcare policy was canceled. (A copy of the letter dated April 9, 2007 to the plaintiff from **LIFE** is marked **Exhibit A** at attached hereto.)

4

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen (13) of Plaintiffs' Complaint and therefore denies the same.

14.     On or about April 9, 2007, **WRA** informed Edward Krajewski that the group health insurance with United Healthcare had been terminated, but that **WRA** located another health insurance company to insure the Plaintiff effective April 1, 2007, and that "coverage is guaranteed." (A copy of correspondence dated April 9, 2007 to the plaintiff "member" from **WRA** is marked **Exhibit B** and attached hereto).

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen (14) of Plaintiffs' Complaint and therefore denies the same.

15.     **WRA** requested that Plaintiff complete enrollment forms and provide payment for an initial premium. Plaintiff provided **WRA** with the enrollment form for the group policy offered through Defendant, **AFID,** and also submitted the first month premium check payable to **AFID**. Thus, Plaintiff performed the actions and paid the necessary premium for a policy of health insurance coverage for the Plaintiff's family. (A copy of a check dated April 11, 2007 from the plaintiff to **AFID** for medical insurance premium is marked Exhibit C and attached hereto.)

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen (15) of Plaintiffs' Complaint and therefore denies the same.

16.    Plaintiff was issued proof of insurance by Defendant, **PHI** a/k/a/ Per4mance Health Plan, Family Coverage Member ID 110009631.  (A copy of the policy is marked **Exhibit D** and attached hereto.)

**ANSWER:**

PHI states that **Exhibit D** speaks for itself and that PHI is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixteen (16) of Plaintiffs' Complaint and therefore denies the same.

17.    **AFID** was the plan administrator for the group family health insurance policy issued to the Plaintiff.

**ANSWER:**

PHI denies the allegations contained in Paragraph Seventeen (17) of Plaintiff's Complaint.

18.    On or about April 24, 2007, **AFID** confirmed group family medical insurance coverage for Plaintiff through **PHI** and sent the Plaintiffs insurance cards.  (A copy of insurance cars for Plaintiffs is marked **Exhibit E** and **Exhibit F** and attached hereto.)

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen (18) of Plaintiffs' Complaint and therefore denies the same.

19. On or about May 9, 2007 and May 14, 2007, PHI approved in-hospital coverage benefits for the Plaintiff for cardiac treatment and surgery. (A copy of the approval letter is marked **Exhibit G** and **Exhibit H**, respectively, ad attached hereto.)

**ANSWER:**

PHI denies the allegations contained in Paragraph Nineteen (19) of Plaintiff's Complaint.

20. In reliance upon the medical group insurance coverage and the approval if in-patient hospital care as determined to be medically appropriate by Health Care Strategies, Inc., an agent of **PHI**, Edward Krajewski was hospitalized at Evanston Hospital and incurred medical expenses.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty (20) of Plaintiffs' Complaint and therefore denies the same.

21. Plaintiff assigned benefits to the healthcare provider which in turn submitted invoices for health care provided to the Plaintiff during the subject hospitalization.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-one (21) of Plaintiffs' Complaint and therefore denies the same.

22. On or about June 29, 2007, and after Plaintiff's medical bills were submitted to **PHI**, **PHI** informed **RBA** that it was canceling coverage for the Plaintiff. (A copy of the June 29, 2007 letter is marked **Exhibit I** and is attached hereto).

**ANSWER:**

For its answer to Paragraph Twenty-two (22) of Plaintiff's Complaint, PHI states that the letter attached to Plaintiff's Complaint speaks for itself and that enrollment was denied. PHI denies all remaining allegations in Paragraph Twenty-two (22) of Plaintiff's Complaint.

23. On or about September 12, 2007, **AFID** issued a check to the Plaintiff with a self-serving letter stating, "Per your request to cancel your health benefit plan, please find your refund check enclosed." (A copy of the 9-12-07 letter is marked **Exhibit J** and attached hereto.)

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-three (23) of Plaintiffs' Complaint and therefore denies the same.

24. At no time did the Plaintiff ever cancel the group family medical insurance.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-four (24) of Plaintiffs' Complaint and therefore denies the same.

25. On or about September 17, 2007, **AFID** wrote to Plaintiff that **PHI** was denying coverage and was returning the plaintiff's monthly premiums previously paid by Plaintiff to **PHI.** (A copy of the 9/17/07 letter is marked **Exhibit K** and attached hereto.)

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-five (25) of Plaintiffs' Complaint and therefore denies the same.

26. Plaintiff has requested payment for medical coverage due under the policy for group medical health coverage. No benefits have been paid.

**ANSWER:**

PHI admits that Plaintiffs have requested payments is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Twenty-six (26) of Plaintiffs' Complaint and therefore denies the same.

27.     To date, Defendants refuse and continue to refuse to pay Plaintiff's claim.

**ANSWER:**

PHI admits the allegations in Paragraph Twenty-seven (27) of Plaintiffs' Complaint as to PHI and is without sufficient information to form a belief as to the allegations in Paragraph Twenty-seven (27) as to the other Defendants and therefore denies the allegations as to the other Defendants.

## COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

1-27.   Plaintiffs restate and reallege Paragraphs 1-27 of Count I as Paragraphs 1-27 of Count II as if set forth fully herein.

**ANSWER:**

PHI restates and incorporates herein by reference its answers to Paragraphs One (1) through Twenty-seven (27) of Plaintiffs' Complaint.

28.     By refusing to pay benefits to the Plaintiff for medical care and by claiming to rescind Plaintiff's policy of insurance after pre approving in-patient cardiac care, Defendants breached the implied covenant of good faith and fair dealing.

**ANSWER:**

PHI denies the allegations contained in Paragraph Twenty-eight (28) of Plaintiff's Complaint as to PHI, and is without information sufficient to form a belief as to the other defendants and therefore denies the same.

## COUNT III
### Intentional Infliction of Emotional Distress

1-27.   Plaintiffs restate and reallege Paragraphs 1-27 of Count I as Paragraphs 1-27 of Count III as if set forth fully herein.

**ANSWER:**

PHI restates and incorporates herein by reference its answers to Paragraphs One (1) through Twenty-seven (27) of Plaintiffs' Complaint.

29.     Plaintiff, Elizabeth Krajewski, reasonably expected that Mr. Krajewski was insured upon the representations of **PHI** and its various agents as of April 1, 2007 and upon the payments of monthly premiums and issuance of insurance cards.

**ANSWER:**

PHI denies the allegations contained in Paragraph Twenty-nine (29) of Plaintiff's Complaint.

30      Defendants' denial of benefits and attempt to rescind healthcare insurance after pre approving in-patient cardiac treatment was extreme and outrageous conduct.

**ANSWER:**

PHI denies the allegations contained in Paragraph Thirty (30) of Plaintiff's Complaint.

31.     The actions of the Defendants were intentional or reckless in that Defendants knew or reasonably should have knows that there was a high probability that their conduct would cause severe emotional distress to Elizabeth.

**ANSWER:**

PHI denies the allegations contained in Paragraph Thirty-one (31) of Plaintiff's Complaint.

32.     Plaintiff suffered severe emotional distress as a direct and proximate result of Defendants' actions.

**ANSWER:**

PHI denies the allegations contained in Paragraph Thirty-two (32) of Plaintiff's Complaint.

## COUNT IV
### Promissory Estoppel

1-27.   Plaintiffs restate and reallege Paragraphs 1-27 of Count I as Paragraphs 1-27 of Count IV as if set forth fully herein.

**ANSWER:**

PHI restates and incorporates herein by reference its answers to Paragraphs One (1) through Twenty-seven (27) of Plaintiffs' Complaint.

33.   Defendant issued group family health insurance coverage effective April 1, 2007.

**ANSWER:**

PHI denies the allegations contained in Paragraph Thirty-two (33) of Plaintiff's Complaint.

34.   It was reasonably foreseeable that Plaintiffs would rely upon the issuance of the group family health insurance coverage.

**ANSWER:**

PHI denies the allegations contained in Paragraph Thirty-four (34) of Plaintiff's Complaint.

35.   Plaintiffs did reasonably rely upon Defendants' issuance of group family health insurance coverage.

**ANSWER:**

PHI denies the allegations contained in Paragraph Thirty-four (35) of Plaintiff's Complaint.

36.     Plaintiffs would suffer severe injustice and inequitable pecuniary loss if Defendants' promise of group family health insurance coverage is not honored.

**ANSWER:**

Plaintiff denies the allegations contained in Paragraph Thirty-four (34) of Plaintiff's Complaint.

37.     Defendants breached said promise by refusing to pay benefits due under the group family health insurance coverage policy after having accepted monthly premiums, the policy and proof of insurance and insurance cards.

**ANSWER:**

Plaintiff denies the allegations contained in Paragraph Thirty-four (34) of Plaintiff's Complaint.

## COUNT V
## Declaratory Judgment

1-27.   Plaintiffs restate and reallege Paragraphs 1-27 of Count I as Paragraphs 1-27 of Count V as if set forth fully herein.

**ANSWER:**

PHI restates and incorporates herein by reference its answers to Paragraphs One (1) through Twenty-seven (27) of Plaintiffs' Complaint.

38.     Defendant PHI claims it rescinded its policy of group family health insurance coverage for Plaintiff's family coverage.

**ANSWER:**

For its answer to Paragraph Thirty-eight (38) of Plaintiffs' Complaint PHI states that it denied enrollment with respect to the policy and PHI therefore denies the allegations contained in Paragraph Thirty-eight of Plaintiffs' Complaint.

39. Defendants claim there is no effective health insurance policy.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-nine (39) of Plaintiffs' Complaint and therefore denies the same.

40. Plaintiffs claim that the policy was effective on April 1, 2007, the date of insurance and continues to be effective due to Plaintiff paying the necessary premiums until the Defendants attempted to rescind the policy and return the previously paid premiums.

**ANSWER:**

For its answer to Paragraph Forty (40) of Plaintiffs' Complaint, PHI states that Plaintiff's Complaint speaks for itself.

41. Plaintiffs relied upon the representations of the Defendants in obtaining and procuring the coverage as promised effective April 1, 2007.

**ANSWER:**

PHI is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-one (41) of Plaintiffs' Complaint and therefore denies the same.

42. The parties are in dispute as to whether group family health insurance coverage exists for the Plaintiffs and Plaintiffs' family.

**ANSWER:**

PHI denies the allegations contained in Paragraph Forty-two (42) of Plaintiffs' Complaint and therefore denies the same.

### **COUNT VI – Illinois Deceptive Business Practice Act**

1-27. Plaintiffs restate and reallege Paragraphs 1-27 of Count I as Paragraphs 1-27 of Count VI as if set forth fully herein.

**ANSWER:**

PHI restates and incorporates herein by reference its answers to Paragraphs One (1) through Twenty-seven (27) of Plaintiffs' Complaint.

43. The actions of the Defendants were deceptive.

**ANSWER:**

PHI denies the allegations contained in Paragraph Forty-three (43) of Plaintiffs' Complaint.

44. Defendants intended that the Plaintiffs rely on the deception.

**ANSWER:**

PHI denies the allegations contained in Paragraph Forty-four (44) of Plaintiffs' Complaint.

45. Defendants' deceptive practice occurred in the course of conduct involving trade or commerce.

**ANSWER:**

PHI denies the allegations contained in Paragraph Forty-five (45) of Plaintiffs' Complaint.

46. Defendants' deceptive practice proximately caused Plaintiffs' damages, including medical expenses and charges which should have been paid by or through Defendants.

**ANSWER:**

PHI denies the allegations contained in Paragraph Forty-six (46) of Plaintiffs' Complaint.

## COUNT VII
### Professional Negligence

1-27.   Plaintiffs restate and reallege Paragraphs 1-27 of Count I as Paragraphs 1-27 of Count IV as if set forth fully herein.

**ANSWER:**

PHI restates and incorporates herein by reference its answers to Paragraphs One (1) through Twenty-seven (27) of Plaintiffs' Complaint.

47.   Pleading in the alternative, Defendants had a duty to insure that Edward Krajewski's group family health insurance continued uninterrupted, and to procure group family health insurance for the Plaintiff in a timely and professional manner.

**ANSWER:**

PHI denies the allegations contained in Paragraph Forty-seven (47) of Plaintiffs' Complaint.

48.   Defendants breached their duty in failing to provide uninterrupted group family health insurance and in failing to procure group family health insurance in a timely and professional manner as set forth above.

**ANSWER:**

PHI is without sufficient information to form a belief as to the allegations contained in Paragraph Forty-eight (48) of Plaintiffs' Complaint and therefore denies the same.

49.　As a result of Defendants' breach, Plaintiffs suffered pecuniary damages in the past and continuing to the present, including but not limited to, medical expenses for Edward Krajewski's medical condition and additional replacement group family health insurance costs.

**ANSWER:**

PHI denies the allegations contained in Paragraph Forty-nine (49) of Plaintiffs' Complaint.

## SECOND DEFENSE

Defendant denies each and every allegation contained in the Complaint that it has not specifically admitted herein.

## THIRD DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Some or all counts of Plaintiffs' Complaint should be dismissed because Plaintiffs failed to sufficiently plead her claims as required Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiffs have are barred, in whole or in part, by the doctrine of waiver and estoppel.

## SIXTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## SEVENTH DEFENSE

Plaintiffs have failed to state a claim for punitive damages.

## EIGHTH DEFENSE

Plaintiffs have failed to perform conditions precedent to enforcement of any contractual rights.

### NINTH DEFENSE

Some or all of Plaintiffs' claims are time barred.

### TENTH DEFENSE

All actions taken by PHI were in accordance with the law.

### ELEVENTH DEFENSE

Plaintiffs have failed to exhaust all administrative remedies.

### TWELFTH DEFENSE

Discovery and investigation are incomplete and Defendant cannot reasonably be expected to know whether additional defenses may be applicable.  Defendant, therefore, reserves the right to add additional defenses and assert additional claims as may be applicable and appropriate during the pendency of this action.

**WHEREFORE,** Defendant THE PERFECTHEALTH INSURANCE CO., respectfully requests that judgment be entered in favor of Defendant, that Plaintiffs take nothing by their Complaint, that Defendant be awarded costs, a trial by jury, and for all other just relief available in the premises.

Respectfully submitted,

KRIEG DEVAULT LLP

By: s/ Jeffrey M. Monberg
Jeffrey M. Monberg (IL No. 6270295)
One of the Attorneys for the Defendant

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 31, 2008, the foregoing **Answer Complaint** was electronically filed using the CM/ECF system which will send notification of such filing to all attorneys of record who have registered for e-mail delivery.


                                                s/ Jeffrey M. Monberg


KRIEG DEVAULT LLP
33 N. LaSalle Street, Suite 2412
Chicago, IL 60602
T: (312) 423-9300
F: (219) 227-6101
jmonberg@kdlegal.com


KDNWI_1677337_1