# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2182 | DATE | 8/13/2008 |
| CASE TITLE | | Niedermaier vs. Rosen & Co., et al. | |

**DOCKET ENTRY TEXT**

The court directs Plaintiff to supplement or clarify its jurisdictional statement on or before September 8, 2008.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff's Complaint alleges that the court has diversity jurisdiction over this matter. Plaintiff's Complaint also alleges that two Defendants are LLCs. For the following reasons, Plaintiff has failed to properly plead the court's subject-matter jurisdiction.

Federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). In Market Street Assocs. Ltd. Partnership v. Frey, the Seventh Circuit stated: "We remind the bench and bar of this circuit that it is their nondelegable duty to police the limits of federal jurisdiction with meticulous care . . . ." Market Street Assocs. Ltd Partnership, 941 F.2d 588, 590 (7th Cir. 1991); see also Hart v. Terminex Intern., 336 F.3d 541, 544 (7th Cir. 2003) (reiterating the admonition that litigants and courts must "meticulously review the limits of federal jurisdiction" so as to avoid the "waste of federal judicial resources and delay of justice" that occurs where a case is found to lack subject matter jurisdiction only after proceeding on the merits).

Plaintiff seeks to invoke federal diversity jurisdiction, and therefore bears the burden of demonstrating that the requirements of complete diversity are met. See Chase v. Shop 'N Save Warehouse, 110 F.3d 424, 427 (7th Cir. 1997). To establish diversity jurisdiction, Plaintiff must establish, *inter alia*, that the parties are citizens of different states. See 28 U.S.C. 1332(a).

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). Unincorporated enterprises take the citizenship of every general and limited partner. See Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990); Cosgrove, 150 F.3d at 731. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. Consequently, an LLC's jurisdictional

## STATEMENT

statement must identify the citizenship of each of its members as of the date of the complaint . . ., and, if those members have members, the citizenship of those members as well." Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007) (internal citation omitted).

The court therefore directs Plaintiff to supplement or clarify its jurisdictional statement on or before September 8, 2008.